**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

_____

JALINSKI ADVISORY GROUP, INC.     :
                                            :       CIVIL ACTION
                                            :
    v.                                   :       NO. 18-801
                                            :
                                            :
                                            :
FRANKLIN RETIREMENT SOLUTIONS, INC.  :

**ANSWER WITH AFFIRMATIVE DEFENSES AND COUNTERCLAIM
OF DEFENDANT, FRANKLIN RETIREMENT SOLUTIONS, INC.,
TO PLAINTIFF'S COMPLAINT**

Defendant Franklin Retirement Solutions, Inc. ("Franklin"), by and through its attorneys,

McCormick & Priore, P.C., hereby submits the within Answer with Affirmative Defenses, and

Counterclaim, to the Complaint of plaintiff, Jalinski Advisory Group, Inc. ("plaintiff" or

"Jalinski") in accordance with the Federal Rules of Civil Procedure and the Local Rules for the

United States District Court for the Eastern District of Pennsylvania, as follows:

**Nature of the Action and Relief Sought**

1.      Denied.  The present action is a writing which speaks for itself, and any

characterizations thereof are denied.  By way of further response, Franklin specifically denies

that it has "disregarded" and "willfully infringed" on Jalisnki's trademark rights, the existence

and extent of which are denied.

2.      Denied as stated. It is admitted that Jalinski provides financial and investment

advisory and management services through media, including a radio program and internet

services.  Franklin is without sufficient information or material to form a belief as to the truth of

the averments regarding the extent of those management services and the ownership of the

registered trademarks THE FINANCIAL QUARTERBACK and FINANCIAL

QUARTERBACK as alleged, and therefore those allegations are denied.

    3.    Denied.  It is specifically denied that Franklin has "used" plaintiff's FINANCIAL

QUARTERBACK trademark as alleged.

    By way of further response, plaintiff's allegations in this paragraph are nothing more than

assertions that Franklin offers financial-based services to clients, by way of either traditional

methods, education, or certain media such as radio or internet fora.  Plaintiff has failed to allege

how the use of Franklin's registered and incontestable trademark (Reg. No. 3,843,043), YOUR

RETIREMENT QUARTERBACK, infringes on plaintiff's alleged trademark.  Franklin's

trademark, on its face, does not cause any likelihood of consumer confusion versus plaintiff's

marks, and thus plaintiff's entire premise of trademark infringement under the Lanham Act is a

nullity, as such a likelihood of consumer confusion is a requirement for trademark infringement

cases. To the contrary, Franklin provides its own unique, trademarked financial, investment, and

retirement management, advisory, and consulting services separate and apart from plaintiff.

Additionally, while it is admitted that plaintiff sent Franklin a cease-and-desist letter, it is denied

that Franklin "failed to cease its use of [Jalinski's] trademark" because it is specifically denied

that Franklin uses Jalinski's trademark.

    4.    Denied as stated.  Franklin hereby incorporates by reference its response in

paragraph 3, supra, as though fully set forth at length herein.  By way of further response, the

averments contained in this paragraph constitute conclusions of law to which no response is

required and therefore they are deemed denied.

    5.    Admitted in part, denied in part.  It is admitted that plaintiff seeks certain relief.

Franklin specifically denies that plaintiff is entitled to the injunctive and monetary relief sought.

By way of further response, the averments contained in this paragraph constitute conclusions of law to which no response is required.  Moreover, the Lanham Act, 15 U.S.C. § 1051 <u>et seq.</u>, 73 Pa. Stat. Ann. §§ 201-03 & 9.2, and 54 Pa. Stat. Ann. §1124 are statutes which speak for themselves and Franklin denies any attempted characterization of them.

<strong><u>Parties</u></strong>

6. Admitted, upon information and belief.

7. Admitted.

<strong><u>Jurisdiction and Venue</u></strong>

8. Denied.  The averments contained in this paragraph constitute conclusions of law to which no response is required and, accordingly, they are deemed denied.

9. Denied.  The averments contained in this paragraph constitute conclusions of law to which no response is required and, accordingly, they are deemed denied.

10. Denied.  The averments contained in this paragraph constitute conclusions of law to which no response is required and, accordingly, they are deemed denied.

<strong><u>Facts Common to All Claims</u></strong>

**I. Jalinski Advisory Group**

 **A. JAG's Brand and Services**

11. Denied.  Franklin lacks sufficient knowledge or information to form a belief as to the truth or accuracy of the averments contained in this paragraph and therefore they are denied.

12. Denied.  Franklin lacks sufficient knowledge or information to form a belief as to the truth or accuracy of the averments contained in this paragraph and therefore they are denied.

13. Denied.  Franklin lacks sufficient knowledge or information to form a belief as to the truth or accuracy of the averments contained in this paragraph and therefore they are denied.

**B.      JAG's Asserted Trademark Rights**

14.      Denied.  Franklin lacks sufficient knowledge or information to form a belief as to the truth or accuracy of the averments contained in this paragraph and therefore they are denied.

15.      Denied.  Franklin lacks sufficient knowledge or information to form a belief as to the truth or accuracy of the averments contained in this paragraph and therefore they are denied.

16.      Denied.  Franklin lacks sufficient knowledge or information to form a belief as to the truth or accuracy of the averments contained in this paragraph and therefore they are denied.

17.      Denied.  Franklin lacks sufficient knowledge or information to form a belief as to the truth or accuracy of the averments contained in this paragraph and therefore they are denied.

18.      Denied.  Franklin lacks sufficient knowledge or information to form a belief as to the truth or accuracy of the averments contained in this paragraph and therefore they are denied.

By way of further response, it is denied that Jalinski has established itself to be the owner of common law trademark rights for the word mark THE FINANICAL QUARTERBACK, and its use nationwide.  In fact, a cursory search of the internet reveals multiple sources of the use of the phrase "The Financial Quarterback" that pre-date Jalinski's alleged commencement of the brand, trademark and use of the phrase.

**II.      Defendant FRS's Unauthorized Activities**

19.      Denied as stated.  It is admitted that Franklin provides certain, and various, financial, investment, advisory and consulting services to clients.  The remainder of plaintiff's allegations contained in this paragraph constitute a conclusion of law for which no response is required and they are therefore deemed denied.  Additionally, Franklin lacks sufficient knowledge or information to form a belief as to the truth or accuracy of the averments contained

in this paragraph as to Jalinski's "Radio Programs," the media on which they are aired, and their reach, and therefore they are denied.

20.     Denied.  Franklin incorporates by reference its responses to paragraphs 2-3, <u>supra</u>, as though fully set forth at length herein.  By way of further response, plaintiff's allegations contained in this paragraph constitute conclusions of law for which no response is required and they are therefore deemed denied.

21.     Denied.  Franklin incorporates by reference its responses to paragraphs 2-3, <u>supra</u>, as though fully set forth at length herein.  By way of further response, plaintiff's allegations contained in this paragraph constitute conclusions of law for which no response is required and they are therefore deemed denied.

22.     Admitted.

23.     Denied.  Franklin incorporates by reference its responses to paragraphs 2-3, <u>supra</u>, as though fully set forth at length herein.  By way of further response, plaintiff's allegations contained in this paragraph constitute conclusions of law for which no response is required and they are therefore deemed denied.

24.     Denied.  Franklin incorporates by reference its responses to paragraphs 2-3, <u>supra</u>, as though fully set forth at length herein.  By way of further response, plaintiff's allegations contained in this paragraph constitute conclusions of law for which no response is required and they are therefore deemed denied.

25.     Denied.  Franklin incorporates by reference its responses to paragraphs 2-3, <u>supra</u>, as though fully set forth at length herein.  By way of further response, plaintiff's allegations contained in this paragraph constitute conclusions of law for which no response is required and they are therefore deemed denied.

26.     Denied.  Franklin incorporates by reference its responses to paragraphs 2-3, <u>supra</u>, as though fully set forth at length herein.  By way of further response, plaintiff's allegations contained in this paragraph constitute conclusions of law for which no response is required and they are therefore deemed denied.

## COUNT I
## Trademark Infringement under Section 32(1) of the Lanham Act (15 U.S.C. § 1114(1))
## (JAG's Class 41 Trademark)

27.     Franklin hereby incorporates by reference the foregoing and corresponding responsive paragraphs as though fully set forth at length herein.

28.     Denied.  Additionally, the allegations contained in this paragraph constitute a conclusion of law for which no response is required and they are therefore deemed denied.

29.     Denied.  Additionally, the allegations contained in this paragraph constitute a conclusion of law for which no response is required and they are therefore deemed denied.

30.     Denied.  Additionally, the allegations contained in this paragraph constitute a conclusion of law for which no response is required and they are therefore deemed denied.

31.     Denied.  Additionally, the allegations contained in this paragraph constitute a conclusion of law for which no response is required and they are therefore deemed denied.

## COUNT II
## Trademark Infringement under Section 32(1) of the Lanham Act (15 U.S.C. § 1114(1))
## (JAG's Class 36 Trademark)

32.     Franklin hereby incorporates by reference the foregoing and corresponding responsive paragraphs as though fully set forth at length herein.

33.     Denied.  Additionally, the allegations contained in this paragraph constitute a conclusion of law for which no response is required and they are therefore deemed denied.

34.     Denied.  Additionally, the allegations contained in this paragraph constitute a conclusion of law for which no response is required and they are therefore deemed denied.

35.     Denied.  Additionally, the allegations contained in this paragraph constitute a conclusion of law for which no response is required and they are therefore deemed denied.

36.     Denied.  Additionally, the allegations contained in this paragraph constitute a conclusion of law for which no response is required and they are therefore deemed denied.

## COUNT III
### Trademark Infringement under Section 32(1) of the Lanham Act (15 U.S.C. § 1114(1)) (JAG's Class 35 Trademark)

37.     Franklin hereby incorporates by reference the foregoing and corresponding responsive paragraphs as though fully set forth at length herein.

38.     Denied.  Additionally, the allegations contained in this paragraph constitute a conclusion of law for which no response is required and they are therefore deemed denied.

39.     Denied.  Additionally, the allegations contained in this paragraph constitute a conclusion of law for which no response is required and they are therefore deemed denied.

40.     Denied.  Additionally, the allegations contained in this paragraph constitute a conclusion of law for which no response is required and they are therefore deemed denied.

41.     Denied.  Additionally, the allegations contained in this paragraph constitute a conclusion of law for which no response is required and they are therefore deemed denied.

## COUNT IV
### Unfair Competition and False Designation of Origin under Section 43(a) of the Lanham Act (15 U.S.C. § 1125(a)) (JAG's Class 41 Trademark)

42.     Franklin hereby incorporates by reference the foregoing and corresponding responsive paragraphs as though fully set forth at length herein.

43.     Denied.  Additionally, the allegations contained in this paragraph constitute a conclusion of law for which no response is required and they are therefore deemed denied.

44.     Denied.  Additionally the allegations contained in this paragraph constitute a conclusion of law for which no response is required and they are therefore deemed denied.

45.     Denied.  Additionally, the allegations contained in this paragraph constitute a conclusion of law for which no response is required and they are therefore deemed denied.

46.     Denied.  Additionally, the allegations contained in this paragraph constitute a conclusion of law for which no response is required and they are therefore deemed denied.

47.     Denied.  Additionally, the allegations contained in this paragraph constitute a conclusion of law for which no response is required and they are therefore deemed denied.

**COUNT V**
**Unfair Competition and False Designation of Origin under Section 43(a) of the Lanham Act (15 U.S.C. § 1125(a)) (JAG's Class 36 Trademark)**

48.     Franklin hereby incorporates by reference the foregoing and corresponding responsive paragraphs as though fully set forth at length herein.

49.     Denied.  Additionally, the allegations contained in this paragraph constitute a conclusion of law for which no response is required and they are therefore deemed denied.

50.     Denied.  Additionally, the allegations contained in this paragraph constitute a conclusion of law for which no response is required and they are therefore deemed denied.

51.     Denied.  Additionally, the allegations contained in this paragraph constitute a conclusion of law for which no response is required and they are therefore deemed denied.

52.     Denied.  Additionally, the allegations contained in this paragraph constitute a conclusion of law for which no response is required and they are therefore deemed denied.

53.     Denied.  Additionally, the allegations contained in this paragraph constitute a conclusion of law for which no response is required and they are therefore deemed denied.

## COUNT VI
### Unfair Competition and False Designation of Origin under Section 43(a) of the Lanham Act (15 U.S.C. § 1125(a)) (JAG's Class 35 Trademark)

54.     Franklin hereby incorporates by reference the foregoing and corresponding responsive paragraphs as though fully set forth at length herein.

55.     Denied.  Additionally, the allegations contained in this paragraph constitute a conclusion of law for which no response is required and they are therefore deemed denied.

56.     Denied.  Additionally, the allegations contained in this paragraph constitute a conclusion of law for which no response is required and they are therefore deemed denied.

57.     Denied. Additionally, the allegations contained in this paragraph constitute a conclusion of law for which no response is required and they are therefore deemed denied.

58.     Denied.  Additionally, the allegations contained in this paragraph constitute a conclusion of law for which no response is required and they are therefore deemed denied.

59.     Denied.  Additionally, the allegations contained in this paragraph constitute a conclusion of law for which no response is required and they are therefore deemed denied.

## COUNT VII
### Trademark Dilution under Section 43(c) of the Lanham Act (15 U.S.C. § 1125(c)) (JAG's Class 41 Trademark)

60.     Franklin hereby incorporates by reference the foregoing and corresponding responsive paragraphs as though fully set forth at length herein.

61.     Denied.  Additionally, the allegations contained in this paragraph constitute a conclusion of law for which no response is required and they are therefore deemed denied.

62.     Denied.  Additionally, the allegations contained in this paragraph constitute a conclusion of law for which no response is required and they are therefore deemed denied.

63.     Denied.  Additionally, the allegations contained in this paragraph constitute a conclusion of law for which no response is required and they are therefore deemed denied.

64.     Denied.  Additionally, the allegations contained in this paragraph constitute a conclusion of law for which no response is required and they are therefore deemed denied.

65.     Denied.  Additionally, the allegations contained in this paragraph constitute a conclusion of law for which no response is required and they are therefore deemed denied.

**COUNT VIII**
**Trademark Dilution under Section 43(c) of the Lanham Act (15 U.S.C. § 1125(c))**
**(JAG's Class 36 Trademark)**

66.     Franklin hereby incorporates by reference the foregoing and corresponding responsive paragraphs as though fully set forth at length herein.

67.     Denied.  Additionally, the allegations contained in this paragraph constitute a conclusion of law for which no response is required and they are therefore deemed denied.

68.     Denied.  Additionally, the allegations contained in this paragraph constitute a conclusion of law for which no response is required and they are therefore deemed denied.

69.     Denied.  Additionally, the allegations contained in this paragraph constitute a conclusion of law for which no response is required and they are therefore deemed denied.

70.     Denied.  Additionally, the allegations contained in this paragraph constitute a conclusion of law for which no response is required and they are therefore deemed denied.

71.     Denied.  Additionally, the allegations contained in this paragraph constitute a conclusion of law for which no response is required and they are therefore deemed denied.

**COUNT IX**
**Trademark Dilution under Section 43(c) of the Lanham Act (15 U.S.C. § 1125(c))**
**(JAG's Class 35 Trademark)**

72.     Franklin hereby incorporates by reference the foregoing and corresponding responsive paragraphs as though fully set forth at length herein.

73.     Denied.  Additionally, the allegations contained in this paragraph constitute a conclusion of law for which no response is required and they are therefore deemed denied.

74.     Denied.  Additionally, the allegations contained in this paragraph constitute a conclusion of law for which no response is required and they are therefore deemed denied.

75.     Denied.  Additionally, the allegations contained in this paragraph constitute a conclusion of law for which no response is required and they are therefore deemed denied.

76.     Denied.  Additionally, the allegations contained in this paragraph constitute a conclusion of law for which no response is required and they are therefore deemed denied.

77.     Denied.  Additionally, the allegations contained in this paragraph constitute a conclusion of law for which no response is required and they are therefore deemed denied.

**COUNT X**
**Common Law Trademark Infringement and Unfair Competition**

78.     Franklin hereby incorporates by reference the foregoing and corresponding responsive paragraphs as though fully set forth at length herein.

79.     Denied. Additionally, the allegations contained in this paragraph constitute a conclusion of law for which no response is required and they are therefore deemed denied.

80.     Denied.  Additionally, the allegations contained in this paragraph constitute a conclusion of law for which no response is required and they are therefore deemed denied.

81.     Denied.  Additionally, the allegations contained in this paragraph constitute a conclusion of law for which no response is required and they are therefore deemed denied.

82.     Denied.  Additionally, the allegations contained in this paragraph constitute a conclusion of law for which no response is required and they are therefore deemed denied.

83.     Denied.  Additionally, the allegations contained in this paragraph constitute a conclusion of law for which no response is required and they are therefore deemed denied.

## COUNT XI
## Deceptive Trade Practices under 73 Pa. Stat. Ann. §§ 201-03 & 9.2

84.     Franklin hereby incorporates by reference the foregoing and corresponding responsive paragraphs as though fully set forth at length herein.

85.     Denied.  Additionally, the allegations contained in this paragraph constitute a conclusion of law for which no response is required and they are therefore deemed denied.

86.     Denied.  Additionally, the allegations contained in this paragraph constitute a conclusion of law for which no response is required and they are therefore deemed denied.

87.     Denied.  Additionally, the allegations contained in this paragraph constitute a conclusion of law for which no response is required and they are therefore deemed denied.

88.     Denied.  Additionally, the allegations contained in this paragraph constitute a conclusion of law for which no response is required and they are therefore deemed denied.

89.     Denied.  Additionally, the allegations contained in this paragraph constitute a conclusion of law for which no response is required and they are therefore deemed denied.

## COUNT XII
## Dilution under 54 Pa. Stat. Ann. § 1124

90.     Franklin hereby incorporates by reference the foregoing and corresponding responsive paragraphs as though fully set forth at length herein.

91.     Denied.  Additionally, the allegations contained in this paragraph constitute a conclusion of law for which no response is required and they are therefore deemed denied.

92.     Denied.  Additionally, the allegations contained in this paragraph constitute a conclusion of law for which no response is required and they are therefore deemed denied.

93.     Denied.  Additionally, the allegations contained in this paragraph constitute a conclusion of law for which no response is required and they are therefore deemed denied.

94.     Denied.  Additionally, the allegations contained in this paragraph constitute a conclusion of law for which no response is required and they are therefore deemed denied.

95.     Denied.  Additionally, the allegations contained in this paragraph constitute a conclusion of law for which no response is required and they are therefore deemed denied

## **Jury Demand**

No answer required.  Franklin demands a jury trial on all triable issues.

## **FIRST AFFIRMATIVE DEFENSE**
### **(Failure to State a Claim)**

The Complaint, on one or more counts set forth therein, fails to state a claim upon which relief can be granted.

## **SECOND AFFIRMATIVE DEFENSE**
### **(Fair Use)**

Plaintiff's claims are barred, in whole or in part, by the doctrines of fair use, nominative fair use and/or descriptive use.

## **THIRD AFFIRMATIVE DEFENSE**
### **(Pre-Date Usage)**

Plaintiff's claims are barred, in whole or in part, because to the extent that any usage by Franklin occurred, such usage pre-dates plaintiff's alleged use for at least one, some, and/or all of the alleged trademarks and, therefore Franklin has superior rights in the usage of such alleged trademarks in connection with any financial, retirement, management, advisory and/or

investment services offered by Franklin, and can employ such usage without interference by plaintiff.

### FOURTH AFFIRMATIVE DEFENSE
### (No Punitive Damages)

Franklin alleges that no punitive or exemplary damages should be awarded arising out of plaintiff's claims under the law of the United States of America and the Commonwealth of Pennsylvania because an award of punitive or exemplary damages would be unconstitutional under the United States and Pennsylvania Constitutions, and any such award would be based upon procedures that are vague, open-ended, unbound in discretion, arbitrary, and without sufficient constraints or protection against arbitrary and excessive awards.

### FIFTH AFFIRMATIVE DEFENSE
### (Innocent Infringement)

Plaintiff's claims are barred, in whole or in part, because any infringement, if any, was innocent.

### SIXTH AFFIRMATIVE DEFENSE
### (Statutes of Limitations)

Plaintiff's claims are barred, in whole or in part, by applicable statutes of limitations.

### SEVENTH AFFIRMATIVE DEFENSE
### (Laches)

Plaintiff's claims are barred by laches, in that plaintiff has unreasonably delayed efforts to enforce its rights, if any, despite its full awareness of Franklin's actions.

### EIGHTH AFFIRMATIVE DEFENSE
### (Unclean Hands)

Plaintiff's claims are barred by the doctrine of unclean hands.

## NINTH AFFIRMATIVE DEFENSE
### (Estoppel)

Plaintiff's claims are barred by the doctrines of equitable and/or judicial estoppel.

## TENTH AFFIRMATIVE DEFENSE
### (Waiver & Acquiescence)

Each of the purported claims set forth in this Complaint is barred by the doctrines of waiver and/or acquiescence.

## ELEVENTH AFFIRMATIVE DEFENSE
### (Generic Terms)

Plaintiff's claims are barred, in whole or in part, on the basis that some or all of the plaintiff's marks are generic.

## TWELFTH AFFIRMATIVE DEFENSE
### (Lack of Secondary Meaning)

Plaintiff's claims are barred, in whole or in part, on the basis that some or all of the plaintiff's marks lack secondary meaning.

## THIRTEENTH AFFIRMATIVE DEFENSE
### (Non-Infringement)

Franklin has not infringed any applicable trademarks under federal or state law.

## FOURTEENTH AFFIRMATIVE DEFENSE
### (Dilution)

Plaintiff's claims are barred, in whole or in part, by the dilution of some or all of the alleged trademarks at issue, by virtue of extensive third party use of the phrase "Financial Quarterback," across the nation, and long pre-dating the plaintiff's recent spate of litigation over the asserted marks.

### FIFTEENTH AFFIRMATIVE DEFENSE
### (Standing)

Plaintiff's claims are barred, in whole or in part, as plaintiff lacks standing to assert its claims.

### SIXTEENTH AFFIRMATIVE DEFENSE
### (No Causation)

Plaintiff's claims against Franklin are barred because plaintiff's damages, if any, were not caused by Franklin.

### SEVENTEENTH AFFIRMATIVE DEFENSE
### (No Damage)

Without admitting that the Complaint states a claim, there has been no damage in any amount, manner or at all by reason of any act alleged against Franklin in the Complaint, and therefore the relief prayed for in the Complaint cannot be granted.

### EIGHTEENTH AFFIRMATIVE DEFENSE
### (Lack of Irreparable Harm)

Plaintiff's claims for injunctive relief are barred because Plaintiff cannot show that it has suffered any irreparable harm from Franklin's actions.

### NINETEENTH AFFIRMATIVE DEFENSE
### (Adequacy of Remedy at Law)

The alleged injury or damage suffered by plaintiff, if any, would be adequately compensated by damages and, accordingly, plaintiff has a complete and adequate remedy at law and is not entitled to seek equitable relief.

### TWENTIETH AFFIRMATIVE DEFENSE
### (Failure to Mitigate)

Plaintiff's claims are barred, in whole or in part, because of a failure to mitigate damages, if such damages exist.

## TWENTY-FIRST AFFIRMATIVE DEFENSE
### (Actions of Others)

Plaintiff's claims are barred, in whole or in part, because Franklin is not liable for the acts of others over whom it has no control and/or no duty to control.

## TWENTY-SECOND AFFIRMATIVE DEFENSE
### (Duplicative Claims)

Without admitting that the Complaint states a claim, any remedies are limited to the extent that there is sought an overlapping or duplicative recovery pursuant to the various claims for any alleged single wrong.

## TWENTY-THIRD AFFIRMATIVE DEFENSE
### (Fraud)

Plaintiff's claims are barred, in whole or in part, by fraud on the United States Patent & Trademark Office in the prosecution and/or maintenance of at least one, some, and/or all of the alleged trademark registrations and applications, based on the intentional withholding of information that the subject marks were widely used prior to plaintiff's use and/or registration by individuals and entities offering, inter alia, accounting, tax, business management, financial, financial management, financial planning and financial advisory services and education relating thereto.

## TWENTY-FOURTH AFFIRMATIVE DEFENSE
### (False Designation)

Plaintiff's claims are barred, in whole or in part, because no acts, use, and/or display of any alleged trademark at issue by Franklin creates a false designation of origin in violation of any right allegedly held or owned by plaintiff.

17

## TWENTY-FIFTH AFFIRMATIVE DEFENSE
### (Abandonment)

Plaintiff's claims are barred, in whole or in part, by abandonment of any marks at issue, including abandonment by virtue of failure to police those marks versus extensive third party use.

## TWENTY-SIXTH AFFIRMATIVE DEFENSE
### (Third-Party Use)

Plaintiff's claims are barred, in whole or in part, by reason of other parties' use of any marks at issue; even if plaintiff's alleged trademark(s) are protectable, they are so weakened by third-party usage that the alleged trademark(s) are entitled to only the narrowest scope of protection available under applicable law.

## TWENTY-SEVENTH AFFIRMATIVE DEFENSE
### (Lack of Fame)

Plaintiff's claims are barred, in whole or in part, because plaintiff's asserted marks are not famous as that term is defined in 15 U.S.C. § 1125(c)(1) .

## ADDITIONAL DEFENSES

Franklin reserves the right to assert additional defenses based on information learned or obtained during discovery.

## COUNTERCLAIM

1.      Defendant/Counterclaimant Franklin files this counterclaim against Plaintiff/Counter-defendant Jalinski, incorporating all of the admissions, denials, and allegations in the Answer and Affirmative Defenses asserted herein, and further alleging as follows:

2.      This Court has subject matter jurisdiction over this counterclaim by virtue of 15 U.S.C. §§ 1119 and 1121 (Lanham Act), 28 U.S.C. § 1331 (Federal Question Jurisdiction), 28

U.S.C. § 1338 (Patent, Trademark and Copyright), and 28 U.S.C. § 1367 (Supplemental

Jurisdiction), and general principles of ancillary and pendent jurisdiction.

3.      The Court has personal jurisdiction over Jalinski and venue is proper in this

District because, inter alia, Jalinski submitted to personal jurisdiction of this Court and venue in

this District by commencing this action.

4.      In its complaint, Jalinski asserts ownership of trademark rights in, as well as

ownership of registrations thereof numbered 4,722,740 (identified by Serial Number), 3,782,665,

5,346,562 and 5,346,563, for FINANCIAL QUARTERBACK and THE FINANCIAL

QUARTERBACK.

5.      This Counterclaim is brought under the Lanham Act, 15 U.S.C. § 1051 et seq.,

including § 1064(1) and (3), on the grounds that the referenced registrations are subject to

cancellation with the marks being generic and/or merely descriptive, and/or having been

abandoned based upon extensive third party use of the phrases, both prior to and after the

registrations and uses alleged, and due to a failure to enforce rights in the alleged marks,

resulting in an inability of the asserted marks to signify a single source.

6.      Jalinski's Trademark Reg. No. 3,782,665 is subject to cancellation on grounds of

genericness, and/or abandonment as referenced above, pursuant to 15 U.S.C. § 1064 (3).

7.      Jalinski's Trademark Reg. Nos. 4,722,740; 5,346,562; and 5,346,563 are not

incontestable and are thus subject to cancellation for any available statutory grounds under 15

U.S.C. § 1064.

8.      For these reasons, the referenced registrations should be cancelled.

**WHEREFORE** defendant, Franklin Retirement Solutions, Inc., prays for judgment as follows:

1.      That the Complaint, and each and every purported claim for relief therein, be dismissed, with prejudice, as plaintiff is entitled to no relief;

2.      That the Court issue an Order cancelling the alleged trademark registrations as set forth above;

3.      That this case is exceptional against Jalinski, such that Franklin Retirement Solutions, Inc. be awarded its costs of suit incurred herein, including attorneys' fees, costs and expenses pursuant to, inter alia, 15 U.S.C. § 1117 and 28 U.S.C. § 1927; and

4.      For such other and further relief as the Court deems just and proper.

**McCORMICK & PRIORE, P.C.**

BY:   _/s/ Conrad James Benedetto_
        Philip D. Priore, Esquire
        Attorney ID: 38987
        Conrad James Benedetto, Esquire
        Attorney ID:  312404
        **McCormick & Priore, P.C.**
        Four Penn Center
        1600 John F. Kennedy Blvd.
        Suite 800
        Philadelphia, PA 19103
        (T) 215-972-0161
        (F) 215-972-5580
        PPriore@mccormickpriore.com
        CBenedetto@mccormickpriore.com
        Attorneys for Defendant,
        Franklin Retirement Solutions, Inc.

Dated: June 12, 2018

## CERTIFICATE OF SERVICE

I, Conrad James Benedetto, Esquire, hereby certify that on this date the Answer with Affirmative Defenses and Counterclaim of Defendant Franklin Retirement Solutions, Inc., to Plaintiff's Civil Action Complaint was filed electronically and is available for viewing and downloading from the ECF system.  A true and correct copy of the Answer with Affirmative Defenses and Counterclaim was forwarded to counsel identified below via ECF.

Charles P. Montgomery, Esquire
Earp Cohn P.C.
123 S. Broad Street, Suite 1030
Philadelphia, PA 19109
***Attorney for Plaintiff***

Maurice N. Ross, Esquire
Barton LLP
420 Lexington Avenue, 18th Floor
New York, NY 10170
***Co-Counsel for Plaintiff***

**McCORMICK & PRIORE, P.C.**

BY:  __*/s/ Conrad James Benedetto*_____
      Philip D. Priore, Esquire
      Attorney ID: 38987
      Conrad James Benedetto, Esquire
      Attorney ID:  312404
      **McCormick & Priore, P.C.**
      Four Penn Center
      1600 John F. Kennedy Blvd.
      Suite 800
      Philadelphia, PA 19103
      (T) 215-972-0161
      (F) 215-972-5580
      PPriore@mccormickpriore.com
      CBenedetto@mccormickpriore.com
      Attorneys for Defendant,
      Franklin Retirement Solutions, Inc.

Dated: June 12, 2018