IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| JALINSKI ADVISORY GROUP, INC., <br><br> Plaintiff, <br><br> v. <br><br> FRANKLIN RETIREMENT SOLUTIONS, INC., <br><br> Defendant. | Civil Action No. 18-cv-00801-AB <br><br> **ANSWER TO COUNTERCLAIM AND AFFIRMATIVE DEFENSES** |

Plaintiff and counterclaim defendant Jalinski Advisory Group, Inc. ("JAG") hereby responds to the allegations in the Counterclaim of defendant and counterclaim plaintiff Franklin Retirement Solutions, Inc. ("Defendant"), dated June 12, 2018 ("Counterclaim"), as follows:

**AS TO "COUNTERCLAIM"**

1. Paragraph 1 of the Counterclaim states a legal conclusion to which no response is required.

2. Paragraph 2 of the Counterclaim states a legal conclusion to which no response is required.

3. Paragraph 3 of the Counterclaim states legal conclusions to which no response is required, except JAG admits that it commenced this action in this judicial District and that personal jurisdiction exists, and JAG further admits that venue is proper as claimed in Paragraph 3 of the Counterclaim.

4. JAG admits the allegations contained in Paragraph 4 of the Counterclaim.

5. Paragraph 5 of the Counterclaim contains conclusions of law and argument to which no response is required. To the extent a response is required, JAG denies the allegations contained in Paragraph 5 of the Counterclaim.

6. Paragraph 6 of the Counterclaim contains conclusions of law and argument to which no response is required. To the extent a response is required, JAG denies the allegations contained in Paragraph 6 of the Counterclaim.

7. Paragraph 7 of the Counterclaim contains conclusions of law and argument to which no response is required. To the extent a response is required, JAG denies the allegations contained in Paragraph 7 of the Counterclaim.

8. Paragraph 8 of the Counterclaim contains conclusions of law and argument to which no response is required. To the extent a response is required, JAG denies the allegations contained in Paragraph 8 of the Counterclaim.

## AFFIRMATIVE DEFENSES

In further response to the Counterclaim, JAG asserts the following affirmative defenses. By alleging the defenses set forth below, JAG does not intend to alter the burden of proof and/or burden of going forward with evidence that otherwise exists with respect to any particular issue. Moreover, JAG pleads all affirmative defenses in the alternative, and they do not constitute an admission of liability or that the Defendant is entitled to any relief whatsoever. JAG reserves the right to raise additional affirmative defenses as they become known to it through discovery and investigation.

## FIRST AFFIRMATIVE DEFENSE

The Counterclaim, and each and every claim for relief therein, fails to allege facts sufficient to state a claim for relief against JAG.

## SECOND AFFIRMATIVE DEFENSE

Defendant's Counterclaim is barred by the doctrine of unclean hands.

### THIRD AFFIRMATIVE DEFENSE

Defendant has not sustained any injury or damage as a result of any act or conduct of JAG and JAG has at all times acted with innocent intent.

### FOURTH AFFIRMATIVE DEFENSE

Defendant's Counterclaim is barred on the grounds of waiver, laches and estoppel.

### FIFTH AFFIRMATIVE DEFENSE

JAG's marks are valid and enforceable.

### SIXTH AFFIRMATIVE DEFENSE

Defendant has infringed on JAG's marks.

### SEVENTH AFFIRMATIVE DEFENSE

JAG's marks have become distinctive and have acquired substantial secondary meaning.

### EIGHTH AFFIRMATIVE DEFENSE

JAG is the senior user of the marks, having commenced use in commerce in at least 2006.

### JURY TRIAL DEMAND

JAG demands a trial by jury on all issues so triable.

**WHEREFORE**, JAG demands judgment in its favor and against Defendant as follows:

A.   Dismissing the Counterclaim in ITS entirety with prejudice;

B.   Judgment that Defendant has:

   a. Willfully infringed JAG's Class 41 Trademark, Class 36 Trademarks and Class 35 Trademark in violation of § 1114 of Title 15 in the United States Code;

   b. Willfully engaged in unfair competition and/or used false designations of origin in violation of § 1125(a) of Title 15 in the United States Code;

    c. Willfully diluted JAG's Class 41 Trademark, Class 36 Trademarks and Class 35 Trademark in violation of § 1125(c) of Title 15 in the United States Code;

    d. Willfully infringed JAG's "Financial Quarterback Trademark" and engaged in unfair competition in violation of the common law of Pennsylvania;

    e. Willfully committed unfair and deceptive acts and unfair trade practices in violation of 73 Pa. Stat. Ann. §§ 201-3 & 9.2; and

    f. Willfully diluted JAG's "Financial Quarterback Trademark" in violation of 54 Pa. Stat. Ann. § 1124.

C. An injunction prohibiting Defendant and each of its agents, employees, servants, attorneys, successors and assigns, and all others in privity or acting in concert therewith from continuing infringement, false designation of origin, unfair competition, and dilution of JAG's "Financial Quarterback Trademark", including at least from selling, offering to sell, distributing or advertising goods and/or services using JAG's "Financial Quarterback Trademark."

D. An order directing the destruction of all advertising materials related to goods and/or services that mimic or use JAG's "Financial Quarterback Trademark,";

E. An award of Defendant's non-duplicative profits, JAG's actual damages, enhanced profits and damages, treble damages, punitive damages, and costs and reasonable attorneys' fees for Defendant's trademark infringements and dilution, and acts of unfair competition and unfair business practices; and

F.     Such other and further relief as the Court deems just and proper.

Dated: New York, New York  
         July 2, 2018

**BARTON LLP**

By:   /s/ Maurice N. Ross  
      Maurice N. Ross

*Admitted Pro Hac Vice*  
420 Lexington Avenue, 18th Floor  
New York, New York 10170  
(212) 687-6262  
mross@bartonesq.com

**EARP COHN P.C.**

     /s/ Douglas F. Johnson  
      Douglas F. Johnson

PA Bar ID #40036  
Charles P. Montgomery  
PA Bar ID # 309822  
123 S. Broad Street, Suite 1030  
Philadelphia, PA 19109  
Tel.: (215) 96309520  
Fax: (21) 963-9620

*Attorneys for Plaintiff*  
*Jalinski Advisory Group, Inc.*

5

## **CERTIFICATE OF SERVICE**

      I certify that on the 2nd day of July, 2018, I caused to be electronically filed the foregoing Answer to Counterclaim of plaintiff and counterclaim defendant Jalinski Advisory Group, Inc. with the Clerk of the District Court using the CM/ECF system, which sent electronic notification of such filing to the following registered users:

      Conrad James Benedetto, Esq.
      Philip D. Priore, Esq.

**McCORMICK & PRIORE, P.C.**
Four Penn Center
1600 John F. Kennedy Blvd., Suite 800
Philadelphia, PA 19103
Tel.: (215) 972-0161
Fax: (215) 972-5580
ppriore@mccormickpriore.com
cbenedetto@mccormickpriore.com

Dated: July 2, 2018

    /s/ Maurice N. Ross
    BARTON LLP
    420 Lexington Avenue, 18th Floor
    New York, New York 10170
    (212) 687-6262
    mross@bartonesq.com

    *Attorneys for Plaintiff*
    *Jalinski Advisory Group, Inc.*